UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- X

ERIK HERZFELD,                           :

                Plaintiff,       :     07 CIV 9439 (DLC)
                                       ECF Case
    - against -                         :
                                                                **ANSWER**

JPMORGAN CHASE & COMPANY,                :

                Defendant.       :

                                  :

---------------------------------------- X

      Defendant JPMorgan Chase Bank, N.A. (hereinafter "JPMC" or "Defendant"), erroneously named herein as JPMorgan Chase & Company, by its attorneys, hereby answer the Complaint as follows:

### AS TO PARTIES, JURISDICTION AND VENUE

      1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1 of the Complaint, except states that, on information and belief, Plaintiff Erik Herzfeld (hereinafter "Plaintiff" or "Herzfeld") resides in Florida.

      2.    Denies the allegations set forth in Paragraph 2 of the Complaint and states that Plaintiff's former employer, JPMC, is a national bank with its main office in Columbus, Ohio, is duly authorized to transact business in New York and further states that JPMC's holding company, JPMorgan Chase & Co., is a Delaware corporation duly organized under the laws of Delaware with a principal place of business located at 270 Park Avenue, New York, NY 10172.

3. The allegations set forth in Paragraph 3 of the Complaint constitute invocations regarding jurisdiction to which no response is required. To the extent that a further response is required, Defendant denies allegations set forth in Paragraph 3 of the Complaint.

4. The allegations set forth in Paragraph 4 of the Complaint constitute invocations regarding venue to which no response is required. To the extent that a further response is required, Defendant denies allegations set forth in Paragraph 4 of the Complaint.

## AS TO THE GENERAL ALLEGATIONS

5. Denies the allegations set forth in Paragraph 5 of the Complaint, and admits that Herzfeld was hired by a predecessor organization, Morgan Guaranty Trust Company of New York ("Morgan") in 2000, began working as an associate in Morgan's Tokyo office after October 2001 and began working in Defendant's Singapore location from approximately February 2004 to early May 2005.

6. Denies the allegations set forth in Paragraph 6 of the complaint, except state that for performance year 2004, Plaintiff received a base salary of $115,000, was paid incentive compensation cash of $520,000 and was granted unvested restricted stock units valued at $280,000 which were announced in early 2005 with vesting subject to the terms and conditions of the restricted stock award agreement.

7. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 7 of the Complaint, except state that in or about 2005, Herzfeld told Defendant that he received a job offer from Bank of America.

8. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 8 of the Complaint, except state that in or about early 2005, Herzfeld

reported to Defendant that he received a job offer from Bank of America and Defendant further states that any terms of such "written two year contract" speaks for itself.

9. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 9 of the Complaint, except state that in or about early 2005, Herzfeld reported that he received a job offer from Bank of America and the terms of any such written contract specks for itself.

10. Denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 10 of the Complaint, except state that in or about early 2005 following Herzfeld's report of a job offer from Bank of America, employees from JPMC spoke with Herzfeld about job opportunities within JPMC and further states that Plaintiff elected to meet with Patrik Edsparr to pursue opportunities in JPMC's Proprietary Positioning business.

11. Denies the set forth in Paragraph 11 of the Complaint, except state that Plaintiff mentioned to Edsparr his job offer from Bank of America a desire to remain with JPMC and his desire to work in the Proprietary Positioning Business in New York.

12. Denies the allegations set forth in Paragraph 12 of the Complaint, except state that Edsparr told Plaintiff that if he wanted to do Proprietary Trading there was an opportunity with JPMC, and further state that Edsparr made no offers or guarantees to match job offer or compensation offered to him by Bank of America.

13. Denies the allegations set forth in Paragraph 13 of the Complaint.

14. Denies the allegations set forth in Paragraph 14 of the Complaint.

15. Denies the allegations set forth in Paragraph 15 of the Complaint.

16. Denies the allegations set forth in Paragraph 16 of the Complaint, except admit that as of May 2005, Herzfeld elected to remain at JPMC with no change in his $115,000 per

year base salary and no guarantee of bonus compensation for either performance year 2005 or performance year 2006.

17. Denies the allegations set forth in Paragraph 17 of the Complaint, except state that from in or about May 2005 until Plaintiff's termination in January 2006, Plaintiff's direct manager was managing director, Derek Kaufman ("Kaufman").

18. Denies the allegations set forth in Paragraph 18 of the Complaint.

19. Denies the allegation set forth in Paragraph 19 of his Complaint, except admit that beginning in or about mid 2005, Plaintiff traveled to Japan to recruit traders for his group and further state that Kaufman supported Plaintiff's recruiting efforts, including Kaufman providing Plaintiff with existing JPMC trading resources in London and Tokyo to support Plaintiff's conciliation trading efforts.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 20 of the Complaint, but states Plaintiff spent some of his time trading, recruiting and attempting to build relative value identification models.

21. Denies the allegations set forth in Paragraph 21 of the Complaint, except admit that despite Plaintiff's failure to deliver profitable results, JPMC gave Plaintiff a bonus of $200,000 and a standard base salary increase of $5,000 based on its decision to give Herzfeld more time to try to build a profitable correlation trading business.

22. Denies the allegations set forth in Paragraph 22 of the Complaint, and state that for the month of June 2006 Plaintiff had total losses of more that $5.75 million dollars and cumulative losses of approximately $2.47 million.

23. Denies the allegations set forth in Paragraph 23 of the Complaint, and admit that Kaufman expressed his frustration with Plaintiff's trading losses to Plaintiff.

24. Denies the allegations set forth in Paragraph 24 of the Complaint, except states that, in or about October 2006, after Plaintiff failed to follow Kaufman's directives regarding his stop loss position and following his cumulative losses of several million dollars, Kaufman ordered Herzfeld to stop trading and advised him that he needed to pursue job opportunities elsewhere.

25. Denies the allegations set forth in Paragraph 25 of the Complaint, except admit that Plaintiff, who had failed to follow Kaufman's directive regarding his stop loss positions and had been further advised that he needed to look for external job opportunities as early as October 2006, never had his trading authorization restored after October 2006.

26. Denies the allegations set forth Paragraph 26 of the Complaint, except admits that Plaintiff was again informed in November 2006 that if he did not resign from JPMC by 2007 he would be fired, for performance reasons.

27. Denies the allegations set forth in Paragraph 27 of the Complaint, states that despite Plaintiff having been removed from his trading duties in October 2006, and allowed to search for external job opportunities JPMC paid Plaintiff his base salary until January 31, 2007 and also allowed him to vest in certain restricted unit stock awards in January 2007, Defendant further admits that Plaintiff was not given a bonus for performance year 2006.

28. Denies knowledge or information sufficient to form a belief as to the truth of Plaintiff's allegations regarding his "wishes", admits that Plaintiff had been told since November 2007 that he would not receive and was not entitled to any severance pay or unvested restricted stock unit awards and further admit that after months of advising Plaintiff that JPMC was terminating his position, his termination was made effective on or about January 31, 2007.

## AS TO THE FRAUDULENT INDUCEMENT CLAIM

29. In response to Paragraph 29 of the Complaint, Defendant repeats and realleges its responses to Paragraphs 1 through 29 of the Complaint with the same force and effect as if fully set forth herein.

30. Denies the allegations set forth in Paragraph 30 of the Complaint.

31. Denies the allegations set forth in Paragraph 31 of the Complaint.

32. Denies the allegations set forth in Paragraph 32 of the Complaint.

33. Denies the allegations set forth in Paragraph 33 of the Complaint.

34. Denies the allegations set forth in Paragraph 34 of the Complaint.

35. Denies the allegations set forth in Paragraph 35 of the Complaint.

## AS TO THE PRAYER FOR RELIEF

36. Denies the allegations set forth in Plaintiff's Wherefore Clauses including Paragraphs a. through f. of Plaintiff's second WHEREFORE clause and further denies that Plaintiff is entitled to the remedies or relief sought in Paragraphs a. through f.

## AFFIRMATIVE DEFENSES

37. Defendant asserts that it only bears the burden of proof on those matters set forth herein as affirmative defenses within the meaning of Fed. R. Civ. P. 8(c). Defendant sets forth its defenses and affirmative defenses to Plaintiff's claims as follows:

## AS AND FOR A FIRST DEFENSE

38. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

39. Plaintiff's claims are barred, in whole or in part, by Plaintiff's failure to satisfy the jurisdictional prerequisites, and/or conditions precedent to asserting any or all of such claims.

## AS AND FOR A THIRD DEFENSE

40. Each and every action taken by Defendant was undertaken in good faith and in full compliance with all applicable laws, rules, and regulations.

## AS AND FOR A FOURTH DEFENSE

41. Plaintiff's claims for damages are barred or reduced by the requirement that Plaintiff mitigate, or make a reasonable effort to mitigate, those alleged damages. Further any claim for relief must be set off and/or reduced by wages, commissions, compensation, pay and benefits, other earnings or remunerations, profits and benefits regardless of form received by Plaintiff or which were earnable or reasonable with the exercise of reasonable diligence by him.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

42. Plaintiff's claims are barred by his own breaches of contract and/or fraudulent conduct.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

43. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, unclean hands, estoppel, and laches.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

44. Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## AS AND FOR A FORUTH AFFIRMATIVE DEFENSE

45. Plaintiff's claims may be barred, in whole or in part, by the after-acquired evidence doctrine.

Defendant reserves the right to assert additional affirmative defenses as they may arise in the course of litigation.

**WHEREFORE**, Defendant requests judgment against Plaintiff:

(a) dismissing the Complaint in its entirety with prejudice;

(b) denying the demands and prayer for relief contained in the Complaint;

(c) awarding JPMC its reasonable costs, disbursements, and attorneys' fees; and

(d) granting such other further relief as may be just and proper.

Dated: New York, New York
November 26, 2007

**JPMorgan Chase Legal Department**

By: *Stephanie E. Sowell*
Stephanie E. Sowell, Esq.
Attorneys for Defendant
1 Chase Manhattan Plaza, 26th Floor
New York, New York 10081
Stephanie.e.sowell@chase.com
(212) 552-0929

To: John T. Sartore, Esq.
Paul, Frank & Collilns, P.C.
One Church Street
Burlington, Vermont 05402

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------- X

ERIK HERZFELD,                          :

             Plaintiff,          :       07 CIV 9439
                                                ECF Case
   - against -                         :
                                        **AFFIDAVIT OF SERVICE**
JPMORGAN CHASE & COMPANY,               :

             Defendant.          :

                                        :

------------------------------------- X

STATE OF NEW YORK   )
                    ) ss.:
COUNTY OF NEW YORK  )

*Farrah Gooden* , being duly sworn, deposes and says, that deponent is not a party to the action, is over eighteen years of age and is employed by JPMorgan Chase Bank, and that on the 26th of November 2007, deponent served the within:

### ANSWER

directed to the attorney for Plaintiff via Federal Express:

        John T. Sartore, Esq.
        Paul, Frank & Collilns, P.C.
        One Church Street
        Burlington, Vermont 05402

*Farrah J. Gooden*

Sworn to before me this
26 day of November, 2007

*Notary Public*

    MARLENE M. THOMPSON
  Notary Public, State of New York
      No. 01TH6161011
    Qualified in Kings County
  Certificate filed in New York County
  Commission Expires February 12, 2011

162771:v1