```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/10/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
ERIK HERZFELD,

        Plaintiff,

        07 CIV 9439 (DLC)
        ECF Case

v.

**STIPULATION OF CONFIDENTIALITY**

JPMORGAN CHASE BANK, N.A.

        Defendant.
----------------------------------------X

    WHEREAS, Erik Herzfeld ("Plaintiff"), by and through his attorneys, Paul, Frank & Collins, P.C., One Church Street, Burlington, Vermont has instituted the above-captioned lawsuit against JPMorgan Chase & Co. ("Defendant or JPMorgan") in the Southern District of New York, 07 CV 9439, asserting claims of fraudulent inducement (hereinafter "Herzfeld v. JPMorgan"); and

    **WHEREAS,** the parties to this action recognize that discovery requests have been made which may call upon the party to whom the request is directed to divulge information which that party considers confidential, including including internal profit and loss statements and documents regarding trading strategy and in order to expedite the flow of discovery material, promote the prompt resolution of disputes over confidentiality, and facilitate the preservation of confidentiality of material deemed worthy of protection,

    **IT IS HEREBY STIPULATED AND AGREED** by and among the undersigned attorneys for the parties and Plaintiff, as follows:

127077:v1

1. This Stipulation of Confidentiality ("Stipulation") governs the handling of all information contained in documents, deposition testimony, deposition exhibits, answers to interrogatories, requests for admission, and other written, recorded or graphic matter ("Discovery Materials") produced by or obtained by any party during the proceedings in this action which are designated as "CONFIDENTIAL" under Paragraph 5 hereof ("Confidential Information").

2. All Discovery Materials produced in this action by a person or entity ("Producing Person") shall be used by the non-producing party only for the purpose of this litigation and not for any business or other purpose whatsoever.

3. Plaintiff, a former employee, agrees to return any confidential proprietary and trade secret information he may have in his possession regarding JPMorgan employees, practices, trading and sales volume, etc.

4. The Confidential Information referred to herein will be produced to the non-producing party subject to the terms of this Stipulation and in accordance with applicable Federal Rules of Civil Procedure and Local Rules for the Civil Southern and Eastern Districts of New York.

5. The Confidential Information in this action produced or provided to a non-producing party shall not be given, shown, made available, communicated or otherwise disclosed to anyone other than the Court, the undersigned counsel for the parties to this action, paralegal, stenographic and clerical personnel of such counsel, experts or consultants specifically retained by the parties for purposes relating to this litigation, parties and officers and employees of the parties in this action, witnesses and potential witnesses, except: (a) with prior written approval of the Producing Person or its attorneys; or (b) upon further

order of the Court and after notice to all parties. This restriction shall not apply to the Producing Person, who may use the material for any business or other purpose. Disclosure to such authorized individuals shall be made only as necessary for the pursuit of this action and only after the person to whom the disclosure is made has been informed of and agreed to be bound by the terms of this Stipulation.

6. Any Producing Person may designate any Discovery Materials produced by it or its employees, experts or agents in this action which contain JPMorgan customer, confidential or sensitive information or trade secrets or personnel information about Plaintiff or persons who are not parties to this action as confidential by stamping the document "CONFIDENTIAL" or by otherwise advising, in writing, the person to whom the Discovery Material is being produced that it is "Confidential." Any party may designate a deposition transcript or any portion thereof "Confidential" either by requesting on the record that the transcript be so designated, or by notifying the other parties in writing within ten (10) days of receiving the deposition transcript that it is so designating the transcript or any portion thereof. All deposition transcripts shall be "Confidential" for ten (10) days following the receipt of the transcript to afford the parties the opportunity to designate the transcript or portions thereof "Confidential." As used herein, the term "Confidential Information" means all Discovery Materials so designated, except that "Confidential Information" shall not include Discovery Materials in the public domain, or identical copies of Discovery Materials otherwise in the possession of the non-producing party. Any party may challenge the designation of any Discovery Material as "Confidential" by making a motion seeking to remove such confidential designation. The parties shall attempt in good

faith to resolve any disputes concerning the appropriateness of a "Confidential" designation informally prior to seeking the Court's assistance.

    7.    Nothing contained herein shall be deemed to preclude the parties from seeking additional protection with respect to confidential, privileged or work-product material, or for any other reason, from making any objection during the pendency of this action with respect to the introduction of any document, information or testimony into evidence or with respect to whether such document, information or testimony is relevant or material. Production of the Confidential Information subject to the terms of this Stipulation shall not be deemed a waiver of any objection concerning the admissibility of the Confidential Information.

    8.    Any party may notify a Producing Person in writing within 10 days after receipt of Discovery Materials produced to it by a Producing Person that the recipient considers such Discovery Materials to be confidential. Such Producing Person must respond to such recipient's request within 10 days of receipt of such request. If the Producing Person does not comply with the recipient's request, the recipient may make a motion seeking a confidential designation.

    9.    The Confidential Information covered by this Stipulation shall be used solely for purposes of this litigation and shall not be given, shown, made available, communicated, used or otherwise disclosed for any personal, business, academic or any other purpose, nor disclosed by either party and/or any person identified in Paragraph 4, supra, in any way to any persons or entities other than those referred to and in the manner prescribed in Paragraphs 4, 5, 6 and 7, supra.

10. Prior to any disclosure of Confidential Information to witnesses and/or potential witnesses pursuant to Paragraph 4 above, each witness and/or potential witness to whom disclosure is to be made, shall sign a certification that he or she has read a copy of this Stipulation and agrees to be bound by its provisions.

11. Prior to the trial of this matter, counsel for both parties shall seek to reach agreement on the handling of Confidential Information covered by this Stipulation at trial so as to provide protection against public disclosure without in any way infringing on the rights of the parties to present any evidence they deem necessary at such trial, and shall submit such agreement, or proposals if no agreement can be reached, to the Court for its consideration.

12. There shall be no reproduction or duplication whatsoever of the Confidential Information, except that which is required in defense or pursuit of this case, preparation for trial, trial, post-trial motions or any appeals; copies, excerpts or summaries may only be shown or given to those authorized to receive such information pursuant to this Stipulation.

13. Within thirty (30) days of the termination of <u>Herzfeld v. JPMorgan Bank, N.A.</u>, by entry of a judgment that has become non-appealable, by an order of discontinuance, or otherwise, the non-producing party shall return to the Producing Person or its counsel all documentary material containing Confidential Information, including all copies, excerpts or summaries thereof.

14. Any violation of the terms of this Stipulation may subject a party and/or its counsel to legal sanctions to be determined by the Court.

15. The provisions of this Stipulation shall, absent written permission of both parties or further order of this Court, continue to be binding after the conclusion of this action.

Dated:    March 28, 2008
         New York, New York

PAUL, FRANK & COLLINS, P.C.

*/s/ John Sartore*

John T. Sartore, Esq.
One Church Street
Burlington, Vermont 05402
(802) 658-2311

JPMORGAN CHASE
LEGAL DEPARTMENT

*/s/ Stephanie E. Sowell*

Stephanie E. Sowell, Esq.
Attorney for Defendant
One Chase Manhattan Plaza,
26th Floor
New York, New York 10081

*/s/*
U.S.D.J.
April 10, 2008

127077:v1                                6